ADAMS, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| RU-EL SAILOR, | ) | CASE NO. 1:05CV2112 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MARGARET BRADSHAW, Warden | ) | AND ORDER |
| | ) | [RESOLVING DOC. 18] |
| Respondent. | ) | |

This action is before the Court upon the Report & Recommendation of Magistrate Judge Nancy A. Vecchiarelli (Doc. 15). For the reasons set forth below, the Court ADOPTS the Report and Recommendation with the supplementation contained herein. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is DENIED.

## I. Procedural History

On September 4, 2003, Petitioner was convicted in the Court of Common Pleas of Cuyahoga County, Ohio on charges of aggravated murder, kidnaping, and felonious assault, each with a firearm specification.

On September 30, 2004, the Court of Appeals Of Ohio, Eighth Appellate District, affirmed the conviction. *State v. Sailor*, No. 83552, 2004 WL 2340113 (Ohio App. 8 Dist., Sept. 30, 2004).

On October 12, 2004, Petitioner filed an Application for Reconsideration in the Court of Appeals. Doc. 11, Exh. 18. On October 26, 2004, the Court of Appeals denied the application. Doc. 11, Exh. 19.

On December 3, 2004, Petitioner appealed to the Ohio Supreme Court. Doc. 11, Exh. 20. On March 16, 2005, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *State v. Sailor*, 105 Ohio St.3d 1464 (2005); Doc. 11, Exh. 22.

On September 2, 2005, Petitioner filed the within Petition for Writ of Habeas Corpus. Doc. 1. Petitioner states twelve grounds for his petition:

(1) He was denied due process and a fair trial when he was not granted a separate trial because the prosecution offered evidence of a statement made out of court by a codefendant who did not testify. Accordingly, the prosecutor advanced conflicting theories of guilt to the jury.
(2) He was denied due process because a witness, who was unable to identify Petitioner before trial, identified Petitioner only after seeing him in the courtroom.
(3) He was denied a fair trial because the prosecutor told the jury that Petitioner had possessed a gun that was totally unrelated to the offense being tried.
(4) He was denied a fair trial because the prosecutor abusively cross-examined Petitioner.
(5) He presented evidence of his innocence to the court. The trial court ignored the evidence, convicting and sentencing Petitioner for an offense about which he established beyond any doubt his innocence.
(6) He was denied due process because the court, in its instructions to the jury, singled out Petitioner's testimony for the jury's special consideration.
(7) He was denied due process because the trial court allowed the jury to convict Petitioner of both aggravated murder and the lesser offense of murder.
(8) He was denied due process because he was convicted of complicity under indictments that failed to allege the necessary elements of the offenses.
(9) He was denied due process because the trial court allowed Petitioner to be convicted for (a) an offense based on a third person's intervening act and (b) a non-offense of aiding and abetting an aider and abettor.
(10) He was denied due process because he was convicted of offenses for which the prosecutor presented insufficient evidence for a rational factfinder to return a guilty verdict.
(11) He was denied effective assistance of counsel because his counsel committed errors, omissions, and failed to render adequate legal assistance.
(12) He was denied due process because the court sentenced him for aggravated murder of a person when the jury said Petitioner was guilty only of the murder of that person.

*Id.*

2

On December 21, 2005, Respondent filed an Answer arguing that the Court should deny the Habeas Petition. Doc. 11. Respondent contends that grounds one, seven, and nine are procedurally defaulted. Respondent further contends that grounds two through six, eight, and ten through twelve are meritless, even though the Court of Appeals did not address ground twelve. *Id.*

On January 20, 2006, Petitioner filed his Traverse, denying everything Respondent raised in her Answer. Doc. 14.

On August 22, 2006, Magistrate Judge Vecchiarelli issued a Report & Recommendation that the Court deny the Petition for Writ of Habeas Corpus. Doc. 15.

On September 22, 2006, Petitioner filed his Objections to the Report and Recommendation ("Objections"). Doc. 18. Petitioner objects to each and every adverse finding of the Magistrate Judge and requests that this Court review *de novo* the entire record. *Id.*

**II. Standard of Review for a Magistrate Judge's Report and Recommendation**

Where objections have been made to a magistrate judge's Report and Recommendation, the District Court standard of review is *de novo*. Fed. R. Civ. P. 72(b). A district judge:

> shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

*Id.*

The Court has reviewed *de novo* the Report and Recommendation, the Parties' briefs and supporting material, and the Petitioner's Objections. The Court finds the Report and

Recommendation to be well-reasoned, supplements that report, and finds Petitioner's Objections to be meritless.

### III. Analysis

**A. Recommendations Adopted Without Supplementation**

Without supplementation, the Court adopts the Magistrate Judge's recommendations regarding grounds two through four, six, eight through nine, and eleven.  Petitioner's supporting precedent for his Objections on these grounds often were distinguishable from the case at bar. Furthermore, the adjudication of the claims in the state court proceedings was not based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d)(2).

Petitioner also failed to prove that the state court decisions on these grounds were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Instead, Petitioner either claimed that the state court unreasonably applied state law, or he misapplied Federal law.

**B. Recommendations Adopted with Supplementation**

With the following supplementation, the Court adopts the Magistrate Judge's recommendations regarding grounds one, five, seven, ten, and twelve.

**Ground One:  Failure to Grant Separate Trials to Codefendants and Improper Amendment of the Indictment**

The Court agrees with the Magistrate Judge's recommendation that this ground lacks merit. Petitioner's claim that Nichole Hubbard's police statement clearly implicated Petitioner is meritless.  Petitioner quotes for support *Richardson v. Marsh*, 481 U.S. 200, 207 (1987), discussing the holding in *Bruton v. United States*, 391 U.S. 123 (1968) :  "a defendant is

4

deprived of his Sixth Amendment right of confrontation when the *facially incriminating* confession of a nontestifying codefendant is introduced at their joint trial." Doc. 18 at 3 (emphasis added). Yet, Hubbard's police statement did not reference Petitioner in any way. This statement, therefore, was not facially incriminating.

**Ground Five:  Actual Innocence**

The Court also agrees with the Magistrate Judge's recommendation that this ground lacks merit. First, Petitioner fails to support his assertion that he was convicted based on "false" evidence. Doc. 18 at 15. Three witnesses, one of which was Petitioner himself, testified that Petitioner was present during the shooting. Tr. at 426-27, 1065-67, 1572. The fact that Petitioner's friend and codefendant later testified that Petitioner was absent during the shooting does not automatically render previous testimony false.

Second, Petitioner cannot support an actual innocence claim. To do so, Petitioner must establish that "it is more likely than not that *no reasonable juror* would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (emphasis added). Petitioner does not assert that the evidence satisfies this standard. He only asserts that the evidence would have been "sufficient for the jury [to] return a not guilty verdict." Doc. 18 at 14.

The testimony of Petitioner's friend and codefendant may have been sufficient to exculpate Petitioner. However, to say that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt in light of all of the evidence is simply not true. *Cf. Lott v. Bagley*, No. 1:04CV0822, 2007 WL 2891272, at *20 (N.D.Ohio Sept. 28, 2007) (dismissing an actual innocence claim based on facts similar to this case:  (1) only a skin tone description supported Petitioner's innocence; (2) all other evidence Petitioner presented was either neutral or

5

inculpatory; and (3) Petitioner's new evidence, coupled with the trial evidence and Petitioner's confession, did not satisfy the *Schlup* standard).

### Ground Seven:  Conviction of Aggravated Murder and Murder

The Court agrees with the Magistrate Judge's recommendation that Petitioner procedurally defaulted this ground.  The Court also emphasizes the Magistrate Judge's recognition that this argument is careless at best, and perhaps deliberately so.  *See* Doc. 15 at 29.  Accordingly, the Court warns Petitioner's counsel to be more accurate in the future because a continuing pattern of such briefing could lead to sanctions.

The majority of Petitioner's Objections are merely copied and pasted from his appellate brief in state court.  Such Objections are non-responsive to, or at least inconsiderate of, the Magistrate Judge's recommendations.  Petitioner's response to the Magistrate Judge's recommendation on this ground is simply disrespectful.

Although the Magistrate Judge warned Petitioner's counsel that his briefing could lead to sanctions, Mr. Mancino feigned a response to the Magistrate Judge's recommendation on Ground Seven.  Petitioner simply did not address the recommendation that the Court find Petitioner procedurally defaulted this ground.  Such non-responsiveness weakens Petitioner's claim that he objects to "each and every adverse finding made by the Magistrate Judge." Doc. 18 at 1.  *See Smith v. Bernanke*, No. 07-CV-10453-DT, 2007 WL 1452903, at *1 (E.D.Mich. May 15, 2007).

### Ground Ten:  Insufficient Evidence

The Court also agrees with the Magistrate Judge's recommendation that this ground lacks merit.  Petitioner correctly asserts that a due process violation occurs where the State presents

6

inconsistent theories of the same offense at separate trials of different defendants. *Smith v. Groose*, 205 F.3d 1045, 1051 (8th Cir. 2000). However, this did not happen in Petitioner's case. The State did not try different defendants at separate trials regarding Omar Clark's death. All defendants were tried at the same trial. Thus, *Smith*'s due process protection does not help Petitioner in this case.

Even if *Smith*'s protection were relevant to the case at bar, Petitioner did not show that the alleged impropriety was so egregious that it fatally infected the proceedings and rendered the entire trial fundamentally unfair. *See id.* at 1049. Accordingly, the Court finds this argument lacks merit.

**Ground Twelve:  Sentencing on Aggravated Murder Charge**

The Court agrees with the Magistrate Judge's recommendation that this ground lacks merit. In his Objections, however, Petitioner seems to raise a new ground for his Habeas Petition: insufficiency of the indictment. Doc. 18 at 27-29. The Court seriously doubts that Petitioner may raise new habeas grounds for the first time in his Objections. *Van Stuyvesant v. Conway,* No. 03 Civ. 3856(LAK), 2007 WL 2584775, at *1 (S.D.N.Y. Sept. 7, 2007) (citing *Hightower v. Kelly*, 657 F.Supp. 516, 518 (S.D.N.Y. 1987)). Nevertheless, the Court reviews Petitioner's new ground and finds it to be meritless.

Petitioner correctly asserts that the indictment standard in *Russell v. United States*, governs state indictments. *See Isaac v. Grider*, No. 98-6376, 2000 WL 571959, at *4 (6th Cir. May 4, 2000) (citing *Russell v. U.S.*, 369 U.S. 749, 763-64 (1962)). Accordingly, a state indictment must:  (1) contain the elements of the offense charged; (2) provide the defendant adequate notice of the charges against which he must defend; and (3) provide protection against double jeopardy

by enabling the defendant to plead an acquittal or conviction to bar future prosecutions for the same offense. *Id.* Upon reviewing Petitioner's indictment, the Court concludes that the indictment in the case at bar does, in fact, satisfy these criteria.

<u>1. The state's indictment contained the elements of the offenses charged and provided Petitioner adequate notice of the charges against which he had to defend.</u>

The indictment properly contained the elements of the offenses charged so that Petitioner had adequate notice of the charges against which he had to defend. All of the charges referred to occurrences within the same time period. Indeed, during trial, all relevant evidence and witness testimony pertained to the events surrounding Omar Clark's death on November 17, 2002.

Neither during trial, nor in any of Petitioner's briefs, did Petitioner indicate confusion regarding his charges. There also is no indication that the jury was confused about the charges. *See* Doc. 15 at 44-45. Not even in Petitioner's Objections, wherein he questions the adequacy of the indictment, did Petitioner explain how the indictment failed to: (1) contain the elements of the offense charged; or (2) provide Petitioner adequate notice of the charges against which he had to defend. *See* Doc. 18 at 31-33 (recognizing that a sufficient indictment must meet these criteria, but failing to apply these criteria to the indictment in the case at bar).

<u>2. The State's indictment protects Petitioner against double jeopardy.</u>

Petitioner's Objections do not discuss how the indictment failed to protect him against double jeopardy. Even so, the indictment sets out exactly who Petitioner allegedly killed: Omar Clark. Thus, a future proceeding against Petitioner regarding Mr. Clark's death could only refer to the incident tried in this case. Petitioner could request a dismissal of such a proceeding by relying on the indictment in the present record. *Cf. Russell*, 369 U.S. at 764.

## IV. Conclusion

The Court hereby ADOPTS the Report & Recommendation of Magistrate Judge Nancy A. Vecchiarelli (Doc. 15) with the supplementation contained herein. Petitioner's Objections are OVERRULED. The Petition for Habeas Corpus is DENIED on its merits.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| November 30, 2007 | */s/ John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |