ADAMS, J.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RU-EL SAILOR, | ) | CASE NO. 1:05CV2112 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| MARGARET BRADSHAW, Warden | ) | <u>AND ORDER</u> |
| | ) | [RESOLVING DOC. 23] |
| Respondent. | ) | |

This action is before the Court upon Petitioner's Motion for a New Trial or to Alter and Amend Judgment (Doc. 23). For the following reasons, Petitioner's Motion will be denied.

**I. Background**

On November 30, 2007, this Court issued its Memorandum of Opinion and Order (Doc. 21), denying Petitioner Ru-el Sailor's Petition for Writ of Habeas Corpus. The Court fully considered each of Petitioner's Objections and Exceptions to the Report & Recommendation of the Magistrate Judge (Doc. 18), and found them to be without merit.[1] Specifically, this Court concluded that Petitioner procedurally defaulted Grounds Seven and Nine. This Court also found that the remaining ten grounds are meritless.

---

[1] The Court certified pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

In his Motion for a New Trial or to Alter and Amend Judgment, Petitioner restates the same points he made in his original habeas petition regarding Grounds Two, Three, Four, and Five,[2] and contends this Court did not fully consider them.

## II. Analysis

Petitioner brings his Motion under Fed. R. Civ. P. 52 and 59, asking the Court to amend its previous Memorandum of Opinion and Order and reconsider its denial of habeas corpus relief.

"Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons:  (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or preventing manifest injustice."  *Boler Co. v. Watson & Chalin Mfg., Inc.*, 372 F.Supp.2d 1013, 1025 (N.D. Ohio 2004), quoting *General Truck Drivers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999) (Clay, J. dissenting), *cert. denied*, 528 U.S. 1137 (2000).

In the within Motion, Petitioner has not pointed to any change in controlling law, previously unavailable evidence, or any clear error.  "Rule 59 is not intended to give a disgruntled litigant the opportunity to re-argue his case or to re-litigate previously-decided matters."  *Hughes v. Haviland*, No. 1:04CV0593, 2007 WL 3376653 (N.D. Ohio Oct. 16, 2007)

---

[2]At page 2 of the Motion, Petitioner states:
. . . The court, at p.6 of its memorandum of opinion and order, stated that **"and (3) Petitioner's new evidence, coupled with the trial evidence and Petitioner's confession, did not satisfy the *Schlup* standard[.]"**[ ]  Petitioner did not confess. . . .
(Emphasis in original.)
Petitioner misreads this portion of Doc. 21.  The Court referred to the facts in *Lott v. Bagley*, No. 1:04CV0822, 2007 WL 2891272, at *20 (N.D.Ohio Sept. 28, 2007), not the case at bar, when it wrote "Petitioner's confession" at the top of page 6 in Doc. 21.

2

(Boyko J.), appeal docketed, No. 07-4490 (6th Cir. Dec. 13, 2007), citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Finally, as to his free-standing actual innocence claim in Ground Five of the Petition, the Court finds that Petitioner misconstrues *House v. Bell*, 547 U.S. 518 (2006).  Petitioner did not make the "stringent" showing required by the actual innocence exception to the procedural bar rule that House made in his case.  In *House*, the Supreme Court stated:

> In *Schlup* [*v. Delo*, 513 U.S. 298 (1995)], the Court . . . held that prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S., at 327, 115 S.Ct. 851.  This formulation, *Schlup* explains, "ensures that petitioner's case is truly 'extraordinary,' while still providing petitioner a meaningful avenue by which to avoid a manifest injustice." *Ibid.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)). . . .

*Id.* at 536-37.  The Court concludes that Petitioner's evidence, even if set forth during the trial, would not have been very convincing compared to the evidence against him.  There certainly would be no probability of a different verdict.

### III. Conclusion

Since the Court has given due consideration to all of Petitioner's Objections, and has again determined, in the absence of a change in the controlling law or newly-discovered evidence, that the Objections are without merit and he is not entitled to federal habeas relief, Petitioner's Motion for a New Trial or to Alter and Amend Judgment (Doc. 23) is DENIED.

The Clerk of this Court shall inform the Clerk of the United States Court of Appeals for the Sixth Circuit of the within determination.[3]

IT IS SO ORDERED.

| | |
|---|---|
| _April 14, 2008_ | _/s/ John R. Adams_ |
| Date | John R. Adams |
| | U.S. District Judge |

---

[3]An appeal to the Sixth Circuit, being Case No. 08-3107, has been held in abeyance until the within order disposing of the motion is filed and jurisdiction has transferred to the Court of Appeals.